The Honorable Lauren King

_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

JUN 04 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR24-098 LK |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| KHALIL AHMAD, | |
| Defendant. | |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Victoria Cantore of the Western District of Washington, and Defendant Khalil Ahmad and Defendant's attorney Dennis Carroll enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.      **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in the Information.

2.      **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information: Reentry of Removed Alien, as charged in Count 1, in violation of Title 8, United States Code, Section 1326(a).

Plea Agreement - 1
*United States v. Khalil Ahmad*, CR24-098LK

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.   **Elements of the Offense.** The elements of Reentry of Removed Alien to which Defendant is pleading guilty are as follows:

First, Defendant was removed from the United States;

Second, thereafter, Defendant knowingly and voluntarily reentered the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security, to reapply for admission into the United States; and

Third, Defendant was an alien at the time of reentry. An alien is a person who is not a natural-born or naturalized citizen of the United States.

4.   **The Penalties.** Defendant understands that the statutory penalties applicable to Reentry of Removed Alien to which Defendant is pleading guilty are as follows: A maximum term of imprisonment of up to 2 years, a fine of up to $250,000, a period of supervision following release from prison of up to 1 year, and a mandatory special assessment of $100.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 2
*United States v. Khalil Ahmad*, CR24-098LK

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

1      Defendant understands that as a part of any sentence, in addition to any term of

2 imprisonment and/or fine that is imposed, the Court may order Defendant to pay

3 restitution to any victim of the offense, as required by law.

4      Defendant further understands that the consequences of pleading guilty may

5 include the forfeiture of certain property, either as a part of the sentence imposed by the

6 Court, or as a result of civil judicial or administrative process.

7      Defendant agrees that any monetary penalty the Court imposes, including the

8 special assessment, fine, costs, or restitution, is due and payable immediately and further

9 agrees to submit a completed Financial Disclosure Statement as requested by the United

10 States Attorney's Office.

11      Defendant understands that, if pleading guilty to a felony drug offense, Defendant

12 will become ineligible for certain food stamp and Social Security benefits as directed by

13 Title 21, United States Code, Section 862a.

14      5.     **Immigration Consequences.** Defendant recognizes that pleading guilty

15 may have consequences with respect to Defendant's immigration status if Defendant is

16 not a citizen of the United States. Under federal law, a broad range of crimes are grounds

17 for removal, and some offenses make removal from the United States presumptively

18 mandatory. Removal and other immigration consequences are the subject of a separate

19 proceeding, and Defendant understands that no one, including Defendant's attorney and

20 the Court, can predict with certainty the effect of a guilty plea on immigration status.

21 Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

22 immigration consequences that Defendant's guilty plea may entail, even if the

23 consequence is Defendant's mandatory removal from the United States.

24      6.     **Rights Waived by Pleading Guilty.** Defendant understands that by

25 pleading guilty, Defendant knowingly and voluntarily waives the following rights:

26      a.     The right to plead not guilty and to persist in a plea of not guilty;

27

1             b.      The right to a speedy and public trial before a jury of Defendant's

2    peers;

3             c.      The right to the effective assistance of counsel at trial, including, if

4    Defendant could not afford an attorney, the right to have the Court appoint one for

5    Defendant;

6             d.      The right to be presumed innocent until guilt has been established

7    beyond a reasonable doubt at trial;

8             e.      The right to confront and cross-examine witnesses against Defendant

9    at trial;

10            f.      The right to compel or subpoena witnesses to appear on Defendant's

11   behalf at trial;

12            g.      The right to testify or to remain silent at trial, at which trial such

13   silence could not be used against Defendant; and

14            h.      The right to appeal a finding of guilt or any pretrial rulings.

15        7.    **United States Sentencing Guidelines.** Defendant understands and

16   acknowledges that the Court must consider the sentencing range calculated under the

17   United States Sentencing Guidelines and possible departures under the Sentencing

18   Guidelines together with the other factors set forth in Title 18, United States Code,

19   Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the

20   history and characteristics of Defendant; (3) the need for the sentence to reflect the

21   seriousness of the offense, to promote respect for the law, and to provide just punishment

22   for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

23   conduct; (5) the need for the sentence to protect the public from further crimes of

24   Defendant; (6) the need to provide Defendant with educational and vocational training,

25   medical care, or other correctional treatment in the most effective manner; (7) the kinds

26   of sentences available; (8) the need to provide restitution to victims; and (9) the need to

27

Plea Agreement - 4
*United States v. Khalil Ahmad*, CR24-098LK

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

a. Defendant is a native and citizen of Pakistan.

b. In April 2019, Defendant was convicted of the offense of Stalking under 18 U.S.C. § 2261A(2)(B) and sentenced to twenty-four months with credit for time served.

c. On July 27, 2020, Defendant was removed to Pakistan from Alexandria, Louisiana.

d. On April 9, 2024, Defendant knowingly and voluntarily reentered the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security. At the time of the reentry, Defendant was not a natural-born or naturalized citizen of the United States.

Plea Agreement - 5
*United States v. Khalil Ahmad*, CR24-098LK

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

e.     On April 9, 2024, Defendant was found and arrested by the United States Immigration and Customs Enforcement within the Western District of Washington after walking across the international border near Blaine, Washington. His intended destination was Hanover, Maryland, where his estranged wife and children still reside.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.     **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.     Section 2L1.2(a) setting a base offense level of 8 because he unlawfully entered the United States;

b.     Section 2L1.2(b)(2)(B) increasing the offense level by 8 points because Defendant sustained a prior felony conviction with a sentence of two years or more;

c.     A three-level decrease if Defendant qualifies for acceptance of responsibility pursuant to Section 3E1.1, as discussed in paragraph 11 of this Plea Agreement.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11.     **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will

Plea Agreement - 6
*United States v. Khalil Ahmad*, CR24-098LK

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend no more than 10 months in custody, minus the time Defendant has served since his arrest on April 9, 2024, for a total sentence of 9 months and 6 days. Defendant is free to recommend any lawful sentence. Except as set forth above, the parties are free to recommend any other terms.

Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this

Plea Agreement - 7
*United States v. Khalil Ahmad*, CR24-098LK

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

1  Plea Agreement. Defendant agrees, however, that for purposes of preparing the
2  Presentence Report, the United States Attorney's Office will provide the United States
3  Probation Office with evidence of all conduct committed by Defendant. Defendant agrees
4  that any charges to be dismissed before or at the time of sentencing were substantially
5  justified in light of the evidence available to the United States, were not vexatious,
6  frivolous or taken in bad faith, and do not provide Defendant with a basis for any future
7  claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

8       15.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if
9  Defendant breaches this Plea Agreement: (a) the United States may withdraw from this
10  Plea Agreement and Defendant may be prosecuted for all offenses for which the United
11  States has evidence; (b) Defendant will not oppose any steps taken by the United States
12  to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea
13  Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges
14  that previously were dismissed or any additional charges that had not been prosecuted.

15       Defendant further understands that if, after the date of this Plea Agreement,
16  Defendant should engage in illegal conduct, or conduct that violates any conditions of
17  release or the conditions of confinement (examples of which include, but are not limited
18  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while
19  pending sentencing, and false statements to law enforcement agents, the Pretrial Services
20  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement
21  to file additional charges against Defendant and/or to seek a sentence that takes such
22  conduct into consideration by requesting the Court to apply additional adjustments or
23  enhancements in its Sentencing Guidelines calculations in order to increase the applicable
24  advisory Guidelines range, and/or by seeking an upward departure or variance from the
25  calculated advisory Guidelines range. Under these circumstances, the United States is
26  free to seek such adjustments, enhancements, departures, and/or variances even if
27  otherwise precluded by the terms of the Plea Agreement.

Plea Agreement - 8
*United States v. Khalil Ahmad*, CR24-098LK

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

16.      **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable).

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction. Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

Plea Agreement - 9
*United States v. Khalil Ahmad*, CR24-098LK

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

17.     **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18.     **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19.     **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 4th day of June, 2024.

KHALIL AHMAD
Defendant

DENNIS CARROLL
Attorney for Defendant

AMY JAQUETTE
Assistant United States Attorney

VICTORIA CANTORE
Assistant United States Attorney

Plea Agreement - 10
*United States v. Khalil Ahmad*, CR24-098LK

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800