UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>KHALIL AHMAD,<br><br>                Defendant. | CASE NO. 2:24-cr-00098-LK<br><br>ORDER GRANTING MOTION TO SEAL |

      This matter comes before the Court on Defendant Khalil Ahmad's motion to seal Exhibit 3 to his sentencing memorandum. Dkt. No. 28; *see also* Dkt. No. 30 (Exhibit 3). Mr. Ahmad seeks to seal the exhibit because it contains "confidential information . . . which if made public could result in irreparable harm[.]" Dkt. No. 28 at 1. The Government did not file an opposition to the motion.

      "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Despite the public's presumptive right of access to documents in

ORDER GRANTING MOTION TO SEALORDER GRANTING MOTION TO SEALORDER GRANTING MOTION TO SEALORDER GRANTING MOTION TO SEAL - 1

criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The Court has reviewed the document at issue, which contains Mr. Ahmad's sensitive medical information. Dkt. No. 30. The Court finds that sealing the exhibit would serve a compelling interest in protecting Mr. Ahmad's medical privacy. *See, e.g.*, *Karpenski v. Am. Gen. Life Cos., LLC*, No. 2:12-cv-01569-RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (need to protect medical privacy qualifies as a "compelling reason" for sealing records); *Parson*, 2022 WL 558221, at *2–3 (same). There are no less restrictive means of protecting Mr. Ahmad's privacy.

The Court therefore GRANTS the motion to seal. Dkt. No. 28. The exhibit may remain under seal. Dkt. No. 30.

Dated this 22nd day of August, 2024.

Lauren King
United States District Judge